UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| GASBUDDY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-12211 |
| | ) | |
| v. | ) | |
| | ) | |
| REVEAL MOBILE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## **COMPLAINT**

Plaintiff, GasBuddy, LLC, ("GasBuddy" or "Plaintiff"), as and for its Complaint herein as against defendant Reveal Mobile, Inc. ("Reveal" or "Defendant"), alleges as follows.

### **Nature of the Action**

1.     In this action, GasBuddy seeks damages arising out of Reveal's breach of a Data License Agreement between the parties made as of March 1, 2017, with exhibits thereto (the "Agreement," a true and correct copy of which is annexed hereto as Exhibit 1).  Pursuant to the Agreement, GasBuddy invoiced Reveal a total amount due of $219,326.31.  Reveal has failed to pay the invoiced amount, despite due demand.  Accordingly, GasBuddy has suffered total damages of $219,326.31, plus interest and costs as allowable by law.

### **The Parties, Jurisdiction, and Venue**

2.     GasBuddy is a limited liability company with its principal place of business located in 77 N. Washington Street, 2nd Floor, Boston, MA 02114.  None of its members are citizens of the States of Delaware or North Carolina.  In particular, the sole member of GasBuddy is UCG Holdings Limited Partnership, which is organized and has its principal place of business in Maryland.  Its general partner is United Communications Group, Inc., which is

organized and has its principal place of business in Maryland, and all of its limited partners are citizens of Maryland.

3.      Upon information and belief, defendant Reveal is a corporation organized under the laws of Delaware, with its principal place of business located at 3344 Hillsborough Street, #100, Raleigh, NC 27607.

4.      The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.      This Court may exercise personal jurisdiction and venue over Reveal because it submitted to exclusive jurisdiction and venue in this Commonwealth (see Agreement §10.2).

7.      Venue in this Court is also appropriate because GasBuddy regularly conducts and maintains a usual place of business in this District.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

8.      On or about March 1, 2017, GasBuddy and Reveal entered into the Agreement.

9.      Pursuant to § 2 of the Agreement, Reveal agreed to pay GasBuddy a "Monthly License Fee" in exchange for GasBuddy licensing certain "Licensed Data" to Reveal.

10.     GasBuddy provided the "Licensed Data" to Reveal and sent invoices (the "Invoices") to Reveal in the total amount of $219,326.31 (see Invoices annexed hereto as Exhibit 2).

11.     Nevertheless, Reveal has failed to pay any of the amounts due, despite due demand (see letter dated October 16, 2017, annexed hereto as Ex. 3).

12.     Thus, there is a valid and enforceable Agreement between the parties.

13.     GasBuddy, at all relevant times, performed its material obligations under the Agreement.

14.     Reveal has breached the Agreement by failing to pay GasBuddy the amount due of $219,326.31, despite due demand.

15.     Further, pursuant to the Agreement, interest is due on the unpaid Invoices in the amount of 12% annually from the date each Invoice became due.  Interest is accruing at a monthly rate of $2,631.91.

16.     Accordingly, as a consequence of the foregoing, GasBuddy has suffered damages in an amount to be determined at trial, but not less than $219,326.31, plus interest at a rate of 12% and costs of collection, as allowable by law.

<u>**SECOND CAUSE OF ACTION**</u>

**(Account Stated)**

17.     GasBuddy repeats and realleges each and every allegation set forth above, as if fully set forth herein.

18.     As set forth above, Reveal has failed to pay GasBuddy the total amount due of $219,326.31 on the outstanding Invoices, despite due demand.  This amount is immediately due and owing.

19.     Thus, there is an account stated between the parties.

20.     Reveal did not object to such Invoices and/or account stated, let alone within a reasonable time.

21.     Accordingly, as a consequence of the foregoing, GasBuddy has suffered damages in an amount to be determined at trial, but not less than $219,326.31, plus interest at a rate of 12% and costs of collection, as allowable by law.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment, in the Alternative)

22.     GasBuddy repeats and realleges each and every allegation set forth above, as if fully set forth herein.

23.     Reveal's knowing receipt and retention of the Licensed Data provided by GasBuddy, while Reveal knowingly withheld from GasBuddy the contractual amount due of $219,326.31, has conferred an unearned and undeserved benefit upon Reveal, allowing Reveal to enrich itself unjustly and at the expense of GasBuddy. It is against equity and good conscience for Reveal to retain such sums and/or benefits without compensation to GasBuddy.

24.     Accordingly, as a consequence of the foregoing, GasBuddy has been damaged in an amount to be determined at trial, but not less than $219,326.31, plus interest and costs of collection, as allowable by law.

WHEREFORE, GasBuddy respectfully requests that this Court enter judgment as follows:

(i)     On the First Cause of Action, awarding GasBuddy damages in an amount to be determined at trial, but not less than $219,326.31, plus interest at a rate of 12% ($2,631.91 monthly) and costs of collection, as allowable by law;

(ii)    On the Second Cause of Action, awarding GasBuddy damages in an amount to be determined at trial, but not less than $219,326.31, plus interest at a rate of 12% ($2,631.91 monthly) and costs of collection, as allowable by law;

(iii)   On the Third Cause of Action, awarding GasBuddy damages in an amount to be determined at trial, but not less than $219,326.31, plus interest and costs of collection, as allowable by law; and

(iv)    For such other and further relief as the Court deems just and proper.

Dated: November 9, 2017

GASBUDDY, LLC

By its attorneys:


/s/ Erika L. Todd
Erika L. Todd, BBO # 689053
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(T) (617) 338-2825
(F) (617) 338-2880
etodd@sandw.com

Gerry Silver, Esq.
(To be seeking admission pro hac vice)
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
(T) (212) 660-3069
(F) (212) 660-3001
gerry.silver@sandw.com